UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION,<br><br>Defendant. | Civil Action No. 23-2316 (LLA) |

**STATUS REPORT**

Pursuant to the Court's December 23, 2024, Minute Order, Defendant Food and Drug Administration ("FDA" or "Defendant"), by and through undersigned counsel, respectfully submits this status report.

On October 12, 2023, Defendant moved for an eighteen-month stay under 5 U.S.C. § 552(a)(6)(C) and *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), because of the unprecedented burden from court orders in *Public Health & Medical Professionals for Transparency v. FDA*, Civ. A. No. 21-1058 (N.D. Tex.) ("*PHMPT I*"), and *Public Health & Medical Professionals for Transparency v. FDA*, Civ. A. No. 22-0915 (N.D. Tex.) ("*PHMPT II*"). *See* Def.'s Mot. to Stay, ECF No. 11. The plaintiffs in *PHMPT I* and *PHMPT II* collectively sought approximately 5.7 million pages of records related to COVID-19 vaccines.

On December 13, 2023, the Court granted Defendant's motion for an eighteen-month stay. *See* Dec. 13, 2023, Min. Order. The Court concluded that Defendant "has shown both exceptional circumstances and due diligence justifying an Open America stay." *Id.* With respect to exceptional circumstances, the Court noted that Defendant "was ordered . . . to produce 5.7 million pages of records at an unprecedented rate which, this month, picks up to 180,000 records per month." *Id.*

With respect to due diligence, the Court found "[t]he FDA has exercised due diligence in responding to Plaintiff's request, which, though mired behind several hundred other requests in the 'complex requests' queue, will be resolved on a first-in, first-out basis." *Id.*

On July 18, 2024, after the parties addressed the need to maintain the stay, *see* Def.'s Status Rep., ECF No. 17; Pl.'s Resp., ECF No. 18, the Court ordered that "the current stay shall remain in place until further order of the court" because "Defendant continues to show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request" and "because the original circumstances necessitating the stay have not changed substantially and Defendant has shown due diligence by hiring five additional full-time employees," July 18, 2024, Min. Order.

On December 23, 2024, after the parties addressed the further need to maintain the stay, *see* Def.'s Status Rep., ECF No. 19; Pl.'s Resp., ECF No. 20, the Court again ordered that "the current stay shall remain in place until further order of the court" because "Defendant continues to show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request" and "because the original circumstances necessitating the stay have not changed substantially and Defendant has shown due diligence by hiring additional staff," Dec. 23, 2024, Min. Order. The Court ordered Defendant to file this status report "updating the court on the status of this case." *Id.*

The facts continue to justify a stay. The exceptional circumstances and Defendant's due diligence are described below.

*First*, the disclosure office within the Center for Biologics Evaluation and Research (the "Center") faces an even greater burden in *PHMPT I* and *PHMPT II* than previously reported because of two recent orders in those cases requiring additional productions, increasing the total

burden to more than a total of 9 million pages of COVID-19 vaccine records by October 1, 2026. *See* Mem. Op. & Order, ECF No. 101, *PHMPT I* (Dec. 6, 2024); Am. Order, ECF No. 52, *PHMPT II* (June 9, 2025). In *PHMPT II*, Defendant was previously ordered to produce a minimum of 180,000 pages per month since December 2023. Suppl. Decl. of Suzann Burk ("Suppl. Burk Decl.") ¶ 5, *Wright v. Dep't of Health & Hum. Servs.*, Civ. A. No. 22-1378 (RC) (D.D.C. Apr. 25, 2025), ECF No. 48-1. However, the true burden of that order was greater because, in actuality, Defendant has had to produce an average of more than 230,000 pages per month to ensure that production of responsive records is completed by the *PHMPT* court's June 2025 deadline. *Id.* The *PHMPT* court has since added to those burdens. On December 6, 2024, the court in *PHMPT I* ordered Defendant to produce an additional set of records (an emergency use authorization file) consisting of approximately 600,000 additional pages by the same production deadline ordered in *PHMPT II*, June 30, 2025. *See* Mem. Op. & Order, *PHMPT I*, ECF No. 101 ("It is ordered that the FDA shall produce the responsive [emergency use authorization] file on or before June 30, 2025.").

Next, pursuant to a follow-on order in *PHMPT II*, FDA now must produce two additional emergency use authorization files containing approximately 2.8 million additional pages in *PHMPT II*, for a total increase in both cases of 3.4 million pages. *See* Mem. Op. & Order, ECF No. 101, *PHMPT I* (Dec. 6, 2024); Am. Order, ECF No. 52, *PHMPT II* (June 9, 2025). These orders raise the number of pages collectively sought from approximately 5.7 million pages of records related to COVID-19 vaccines to 9.1 million pages, an increase of approximately 60 percent. The Center's disclosure office anticipates meeting the deadline in *PHMPT I* with the additional files. In *PHMPT II*, the court modified the production schedule and ordered FDA to produce the additional 2.8 million pages of records at the previous court-ordered rate of at least

180,000 pages per month. *See* Am. Order, ECF No. 52, *PHMPT II* (June 9, 2025) (entering negotiated schedule). Production of the additional records in *PHMPT II* is ordered to be completed by October 1, 2026. *Id.* The Center's disclosure office has had to continue to allocate its limited resources to comply with the court's latest two orders extending the crushing burden by millions of pages and more than a year.

*Second*, Defendant continues to exercise due diligence. To comply with the *PHMPT I* and *PHMPT II* orders and fulfill its other responsibilities stemming from increased FOIA requests and litigation, the Center's disclosure office undertook aggressive efforts to hire additional staff and contractors, seek funding, and reorganize its resources. Burk Decl. ¶ 26, ECF No. 14-1, *Informed Consent Action Network v. FDA*, Civ. A. No. 24-cv-1905 (JDB) (D.D.C. Oct. 25, 2024). After the initial *PHMPT I* production order, the Center's disclosure office made large-scale changes to its staff and work processes. Among other things, the Center's disclosure office hired contractors (nine full-time and one part-time) to focus on processing records for the *PHMPT I* litigation. *Id.* ¶ 24. Through October 2024, the total cost for contractors for *PHMPT I* alone was $3.5 million. *Id.*

Because of *PHMPT II*, the Center's disclosure office significantly increased the number of contractors and also brought on board six more full-time employees between June and December 2023 and five additional employees in 2024. *Id.* ¶ 26. However, it takes approximately two years for new employees to be adequately trained, and the training process initially slows the pace of processing outstanding requests because more senior employees must review the new employees' work carefully to ensure that records are being correctly reviewed for necessary redactions. *Id.* ¶ 28. Thus, despite best efforts and the good-faith investment in increasing its future processing capacity by training new employees, the Center's disclosure

office resources were necessarily limited during this lengthy onboarding period. *Id*. Additionally, a hiring freeze went into effect in January 2025; FDA in recent months has faced unanticipated staff disruptions, and permanent staff and contractors have departed the agency just as the two-year training period was nearing its end. Burk Decl. ¶¶ 12, 35, *Informed Consent Action Network v. Food & Drug Admin.*, Civ. A. No. 25-0827 (JMC). Currently, six contractor positions remain. *Id.* ¶ 35. Though the Center is working diligently to obtain authorization to enter into a new contract to retain existing contractors or add more contractors, it is uncertain when that authorization will be granted. *Id.* All these factors have operated in tandem to further constrain the Center's resources; however, the Center's disclosure office has continued to the best of its ability to process FOIA requests.

Recognizing the ongoing extraordinary circumstances and due diligence, courts have continued to grant and extend stays in other pending FOIA matters involving the Center. *See, e.g.*, Order, ECF No. 21, *Informed Consent Action Network v. FDA*, Civ. A. No. 24-1906 (CRC) (D.D.C. Apr. 10, 2025) (six-month stay); Apr. 10, 2025, Min. Order, *Informed Consent Action Network v. FDA*, Civ. A. No. 23-3675 (JMC) (D.D.C. Apr. 10, 2025) (six-month stay); Apr. 9, 2025, Min. Order, *Children's Health Def. v. FDA*, Civ. A. No. 23-0220 (RDM) (D.D.C. Apr. 9, 2025) (keeping in place minute order from Oct. 24, 2024, requiring processing to begin no later than August 6, 2026); Order, ECF No. 17, *Informed Consent Action Network v. FDA*, Civ. A. No. 24-cv-1905 (JDB) (D.D.C. Feb. 4, 2025) (six-month stay); Jan. 24, 2025, Min. Entry, *Children's Health Def. v. CDC*, Civ. A. No. 23-0431 (TNM) (D.D.C. Jan. 24, 2025), ECF No. 28 (requiring joint status report every 90 days beginning April 25, 2025); *see also* Nov. 25, 2024, Min. Order, *Informed Consent Action Network v. FDA*, Civ. A. No. 23-0219 (RBW) (D.D.C. Nov. 25, 2024) (maintaining stay and setting conference for July 7, 2025); Order, ECF

No. 18, *Informed Consent Action Network v. FDA*, Civ. A. No. 24-1761 (CJN) (D.D.C. Nov. 20, 2024) (granting stay of approximately eight months); Order, ECF No. 25, *Solomon v. Dep't of Health & Human Servs.*, Civ. A. No. 24-0572 (RBW) (D.D.C. Oct. 25, 2024) (granting stay of approximately twenty months (to June 26, 2026) and setting conference for July 8, 2025, to apprise the court of status).

Defendant continues to face exceptional circumstances and continues to exercise due diligence. The burdens of *PHMPT I* and *PHMPT II* remain extraordinarily heavy, and Defendant continues to work to allocate its limited resources efficiently. Therefore, the current stay should be extended. Defendant respectfully suggests that the Court order it to provide another status report by Monday, December 15, 2025, and every six months thereafter.

\*   \*   \*

A proposed order is attached.

Dated: June 13, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ Brian J. Levy
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*

OF COUNSEL:

SEAN R. KEVENEY
Acting General Counsel

ROBERT FOSTER
Deputy General Counsel
U.S. Department of Health and Human Services
Chief Counsel for Food, Research, and Drugs

WENDY VICENTE
Deputy Chief Counsel, Litigation

ELIZABETH BONOMO
Assistant Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
Silver Spring, MD 20903